## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced.  Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Adam Ehrlich, et al. v. The Philadelphia Inquirer, LLC, et al.

USCA NO.: 26-2785

LOWER COURT or AGENCY and DOCKET NUMBER:
E.D. Pa., No. 25-4620

NAME OF JUDGE: Hon. Mia R. Perez

Specify who is suing whom, for what, and the subject of this action.  Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

This is a defamation action filed by Plaintiffs-Appellees Adam Ehrlich, Good Bet Trading LLC, and A Kensington Joint LLC against Defendants-Appellants The Philadelphia Inquirer, LLC, Samantha Melamed, Max Marin, Dylan Purcell, Michelle Myers, and Anton Klusener.  Plaintiffs-Appellees seek unspecified compensatory and punitive damages and a retraction of the challenged newspaper article.  Defendants-Appellants appeal from the district court's opinion and order entered on June 17, 2026, which denied their motion to dismiss in part and, as a result, denied them immunity under Pennsylvania's Uniform Public Expression Protection Act, 42 Pa.C.S. § 8340.11 et seq.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal.  If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Memorandum, entered June 17, 2026 (ECF No. 37)
Order, entered June 17, 2026 (ECF No. 38)

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Adam Ehrlich is an individual who owns, through his various limited liability companies, over 100 properties in the Kensington neighborhood of Philadelphia. Public records show those properties have incurred hundreds of code violations under Ehrlich's ownership. In September 2023, the Philadelphia County Court of Common Pleas ordered the demolition of one of Ehrlich's Kensington properties, a complex known as "Triple X." The court found that Ehrlich turned "a completely blind eye" to the "open illegal narcotics usage and sales" at Triple X, and that a police SWAT team was called there in August 2022 "due to a shooting that had occurred where an individual had run into the Property." The court concluded that Ehrlich had "actively and passively enabled this exacerbating public nuisance and increased the risk of harm to all concerned from escalating criminal activity," demonstrated "a steadfast refusal to be responsible for even the most basic maintenance," and had a "pervasive lack of care and concern for how these blatant public nuisances have afflicted the neighborhood."

In August 2024, the Philadelphia Inquirer published an article about the role of real estate speculators, including Ehrlich, in contributing to the drug crisis and blight in Kensington. Ehrlich and two of his LLCs sued the company that publishes the newspaper and several of its journalists (collectively, the "Inquirer") for defamation based on the article. The Inquirer moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and invoked immunity under Pennsylvania's Uniform Public Expression Protection Act ("PA-UPEPA"). The district court granted the Inquirer's motion in substantial part but denied it as to four issues: (1) whether the Article falsely implied that Ehrlich knowingly or recklessly enabled an organized drug market at Triple X; (2) whether the Article materially misstated the August 2022 incident by reporting that a man "shot and killed" someone before fleeing into Triple X; (3) whether the statement that Ehrlich's "properties in Kensington alone have racked up some 500 code violations since 2014," and an interactive graphic illustrating that point, materially misattributed inherited or pre-acquisition violations to Plaintiffs; and (4) whether the Article falsely attributed to Ehrlich a statement that it was "cheaper to ignore violations for trash or weeds." The district court also denied the Inquirer immunity under PA-UPEPA.

Identify the issues to be raised on appeal:

Whether the district court erred in denying the Inquirer immunity from "a cause of action based on protected public expression" under PA-UPEPA, 42 Pa.C.S. §§ 8340.14(a), 8340.15, by failing to dismiss the defamation claim on the following grounds:

1. The statements in the article describing the "organized drug market" at Triple X and characterizing Triple X as "ground zero" for drug activity in Kensington, and the alleged implication that Ehrlich knowingly or recklessly enabled Triple X to become an organized drug-market hub, are not materially false and/or are protected opinion;

2. The statement in the article that a "man shot and killed a person inside a nearby corner store on Kensington Avenue, then fled into the storefront of the former adult book store" at Triple X is not materially false and is not defamatory of Plaintiffs-Appellees;

3. The statement in the article that Ehrlich's Kensington properties "racked up some 500 code violations since 2014," and the graphic illustrating this statement, are not materially false and/or are protected by the fair report privilege; and

4. The statement in the article paraphrasing Ehrlich as saying that it is "cheaper to ignore violations for trash or weeds . . . shifting the burden to the city to clean up his properties and send him the bill" is not materially false.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this __31st__ day of __July__ ,20__26__ .

/s/Michael Berry

Signature of Counsel

Rev. 07/2015